IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH PREVOST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-1393-STE |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

I.     **PROCEDURAL BACKGROUND**

Plaintiff's applications were denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 17-

27). The Appeals Council denied Plaintiff's request for review. (TR. 8-10). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 5, 2011, the alleged disability onset date. (TR. 19). At step two, the ALJ determined Mr. Prevost had severe impairments of: depression; anxiety; alcohol dependence in partial remission; and lower lumbar mass, disc bulge at L3-4, L4-5, and L5-S1 with bilateral neural foraminal narrowing. (TR. 19). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 20).

At step four, the ALJ found that Plaintiff was not capable of performing his past relevant work. (TR. 26). The ALJ further concluded that Mr. Prevost had the residual functional capacity (RFC) to: "[P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except 0-9=-909-090-." (TR. 20).

Based on the finding that Mr. Prevost could not perform his past relevant work, the ALJ proceeded to step five. There, he presented several limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 58-59). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 59). The ALJ adopted the testimony of

the VE and concluded that Mr. Prevost was not disabled based on his ability to perform the identified jobs. (TR. 27).

## III. ISSUES PRESENTED

On appeal, Plaintiff alleges error in a failure to include both physical and mental limitations in the RFC.

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. PLAINTIFF'S CHALLENGE TO THE RFC

At step four, Mr. Prevost alleges that the RFC failed to reflect specific limitations. (ECF No. 15:2-8). The Court finds no reversible error.

### A. ALJ's Duty in Assessing the RFC

In assessing the RFC, the ALJ is required to evaluate, consider, and address any opinion given by a State Agency physician. *See* 20 C.F.R. §§ 404.1527(c) & 416.927(c); SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (SSR 96-8p). In assessing an

individual's *mental* impairment, the ALJ must employ a "special technique" which involves rating the degree of functional limitation under four broad functional areas. 20 C.F.R. §§ 404.1520a(b)-(c) & 416.920a(b)-(c). This assessment is documented on a Psychiatric Review Technique (PRT) form and is used to rate the severity of the mental impairment at steps two and three of the sequential evaluation process. *See* SSR 96-8p, at *6-7.

Step four requires a more detailed assessment by itemizing various functions contained in the broad categories summarized on the PRT. *Id.* In assessing the RFC, the ALJ must consider the limitations and restrictions imposed by a claimant's severe impairments and express any mental limitations in terms of specific, work-related mental activities he or she is able to perform. *Id.*, at *6-7.

### B. Evidence of Plaintiff's Physical and Mental Impairments

Mr. Prevost alleges that the RFC failed to account for limitations related to: (1) his "severe" impairments of depression, anxiety and lower back impairment, and (2) certain mental limitations found by State Agency non-examining consultant Dr. Thomas Van Hoose.

On August 18, 2011, Dr. Van Hoose reviewed Mr. Prevost's records and completed two reports—the PRT form and the Mental Residual Functional Capacity Assessment (MRFCA). (TR. 416-432). On the PRT form, Dr. Van Hoose concluded that Plaintiff was: (1) "mildly" impaired in the areas of "restrictions of activities of daily living" and "difficulties in maintaining social functioning," (2) "moderately" impaired in the

area involving "difficulties in maintaining concentration, persistence, or pace," and (3) had experienced 1-2 episodes of decompensation. (TR. 430).

In the MRFCA, Dr. Van Hoose performed a more detailed analysis of the broad findings from the PRT form. The MRFCA, in turn, is divided into two parts: (1) summary conclusions which are rated "none," "mild," "moderate," "marked," and "extreme," and (2) a narrative which "clarifies [a claimant's] limitation or function." (TR. 416-418).

In recording summary conclusions from Plaintiff's file, Dr. Van Hoose found that Mr. Prevost was "markedly" limited in his ability to understand, remember, and carry out detailed instructions, and was "moderately" impaired in his ability to interact appropriately with the general public. (TR. 416-417). In the "narrative" portion of the form, Dr. Van Hoose stated:

> Claimant can perform simple tasks with routine supervision. Claimant can relate to supervisors and peers on a superficial work basis. Claimant can relate to the general public. Claimant can adapt to a work situation.

(TR. 418).

### C. No Reversible Error Regarding the RFC Assessment

At step four, the ALJ concluded that Mr. Prevost had the RFC to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except 0-9=-909-090." (TR. 20). Plaintiff alleges that the RFC failed to account for: (1) limitations related to impairments that the ALJ had deemed severe at step two, (2) findings from Dr. Van Hoose on the PRT form, and (3) Dr. Van Hoose's opinions of specific work-related limitations as expressed on the MRFCA. (ECF No. 15:2-8).

5

### 1. Severe Impairments at Step Two

At step two, the ALJ concluded that Plaintiff suffered from "severe" depression, anxiety, and a lower lumbar mass/disc bulge. (TR. 19). As a result, Plaintiff alleges that the ALJ erred by "failing to include any proper severe impairment limitations in the RFC assessment and in the inquiries to the VE at the hearing." (ECF No. 15:2).[1] As a result of the allegedly faulty RFC, Plaintiff also claims a lack of substantial evidence to support the step five findings because the hypothetical to the VE failed to include the limitations which Plaintiff believes were improperly withheld. The Court rejects these arguments.

Once a claimant's impairments are deemed severe at step two, the ALJ has to discuss their impact throughout the remainder of the disability determination. 20 C.F.R. §§ 404.1545(a)(2) & 416.945(a)(2). Indeed, in formulating the RFC, the ALJ must discuss the combined effect of all the claimant's medically determinable impairments, both severe and nonsevere. *See Wells v. Colvin,* 727 F.3d 1061, 1065 (10th Cir. 2013). However, the presence of an impairment, albeit severe, does not necessarily equate to corresponding limitations in the RFC. *Cavalier v. Colvin*, 2014 WL 7408430, at *2 (N.D. Okla. Dec. 30, 2014). The RFC need only include such limitations as the medical record substantially supports. *See Kirkpatrick v. Colvin*, ___ F. App'x. ___, 2016 WL 5920745, at *3 (10th Cir. Oct. 11, 2016) ("Clearly, an ALJ doesn't commit error by omitting limitations not supported by the record"); *Arles v. Astrue*, 438 F. App'x. 735, 740 (10th

---

[1] Plaintiff also states that "this improper RFC determination 'corrupted [the ALJ's] findings at the third phase" regarding Mr. Prevost's ability to perform past relevant work (PRW)." (ECF No. 15:3). But beyond this blanket statement, Plaintiff does not develop the argument or explain how the ALJ's findings regarding Mr. Prevost's past relevant work would have been impacted. The Court is especially perplexed because as written, the ALJ concluded that Mr. Prevost could *not* perform his past relevant work, a finding which favors Mr. Prevost. *See* TR. 26.

Cir. 2011) (rejecting plaintiff's claim a limitation should have been included in his RFC because "such a limitation has no support in the record").

In support of his argument, Plaintiff argues that the ALJ failed to "translate" severe impairments into the RFC. (ECF No. 15:2). Although Plaintiff alleges "[t]hese severe mental impairments must cause some work-related limitations," Mr. Prevost fails to: (1) identify any specific work-related limitations stemming from the severe impairments or (2) point to any evidence in the record supporting his claim. As a result, the Court concludes that Plaintiff has not met his burden to establish error in the RFC. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987) (the claimant has the initial burden of establishing a disability in the first four steps of this analysis); *McAnally v. Astrue*, 241 F. App'x. 515, 518 (10th Cir. 2007) (affirming in part because "with regard to [her severe impairments], the claimant has shown no error by the ALJ because she does not identify any functional limitations that should have been included in the RFC assessment or discuss any evidence that would support the inclusion of any limitations" (citation and internal brackets omitted)); *Kirkpatrick v. Colvin*, ___ F. App'x. ___, 2016 WL 5920745, at *3 (10th Cir. Oct. 11, 2016) (rejecting Plaintiff's argument regarding the alleged omission of certain limitations in an RFC because "[plaintiff] doesn't explain how these restrictions fail to account for his [limitations] . . . [a]nd it isn't our obligation to search the record and construct a party's arguments.")

Based on the lack of error in the RFC, the Court also rejects Mr. Prevost's related allegation that the hypothetical question to the VE was likewise faulty. *See Newbold v. Colvin,* 718 F.3d 1257, 1268 (10th Cir. 2013) (the hypothetical question posed to the VE

7

"adequately reflected the impairments and limitations that were borne out by the evidentiary record.") (internal quotation marks and brackets omitted).

### 2. Findings on the PRT Form

On the PRT form, Dr. Van Hoose concluded that Plaintiff was "moderately" impaired in the area involving "difficulties in maintaining concentration, persistence, or pace." (TR. 430). According to Plaintiff, the RFC did not properly reflect these findings. But these findings were opinions expressed on the PRT form, which is "not an RFC assessment, but [is] used to rate the severity of mental impairments) at steps 2 and 3 of the sequential evaluation process." SSR 96-8p, at *4. Thus, the ALJ had no duty to express these particular findings in the RFC. *See Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015) ("The ALJ's finding of a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment."); *see also Beasley v. Colvin*, 520 F. App'x. 748, 754 (10th Cir. 2013) (no error in the RFC's failure to reflect a "moderate" limitation finding from the PRT form).

### 3. Findings on the MRFCA

As part of the MFRCA, Dr. Van Hoose also concluded that Plaintiff suffered from "marked" limitations in his ability to understand, remember, and carry out detailed instructions and "moderate" limitations in his ability to interact appropriately with the general public. (TR. 416-17). Dr. Van Hoose translated these findings into work-related limitations and provided the following narrative regarding Plaintiff's mental RFC:

> Claimant can perform simple tasks with routine supervision. Claimant can relate to supervisors and peers on a superficial work basis. Claimant can relate to the general public. Claimant can adapt to a work situation.

(TR. 418). The ALJ cited Dr. Van Hoose's narrative portion of the MRFCA and accorded the opinions "great weight." (TR. 22).

Plaintiff alleges error, arguing: (1) the RFC failed to reflect Dr. Van Hoose's findings regarding "marked" and "moderate" limitations and (2) the hypothetical to the VE included no mental health restrictions. The Court rejects both arguments.

First, the Tenth Circuit Court of Appeals has recently clarified that the "marked" and "moderate" findings in the "summary conclusion" portion of the MRFCA need not be included in the RFC assessment. In *Smith v. Colvin*, 821 F.3d 1264 (10th Cir. 2016), a consultative physician had completed a form similar to that which Dr. Van Hoose completed in the instant case. In *Smith*, the physician rated the plaintiff's abilities in particular areas of function and opined that the plaintiff was "moderately limited" in her ability to:

- Maintain concentration, persistence, and pace,
- Remain attentive and keep concentration for extended periods,
- Work with others without getting distracted,
- Complete a normal workday and workweek without interruption for psychologically based symptoms,
- Perform at a consistent pace without excessive rest periods,
- Accept instructions and respond appropriately to criticism by supervisors,
- Get along with coworkers or peers without distracting them or engaging in behavioral extremes,

9

- Respond appropriately to changes in the workplace, and
- Set realistic goals or independently plan.

*Smith*, 821 F.3d at 1268. The form had explained that the questions, which had yielded these findings, "provided only an aid" to assess the plaintiff's RFC. *Id.* at 1268, n.1. The form further instructed the psychologist to assess the actual RFC in a narrative. *Id.* In the narrative, the psychologist stated that the plaintiff could: (1) engage in work that was limited in complexity and (2) manage social interactions that were not frequent or prolonged. *Id*. at 1268.

On appeal, the plaintiff questioned how the ALJ's RFC had incorporated all of the moderate limitations that the psychologist had listed. *Id.* at 1269, n.2. In response, the Court stated, "this is the wrong question." *Id.* According to the Court, "[The psychologist's] notations of moderate limitations served *only as an aid* to her assessment of residual functional capacity. We compare the administrative law judge's findings to [the psychologist's] opinion on residual functional capacity, *not* her notations of moderate limitations." *Id.* (emphasis added).

In rejecting the plaintiff's challenge, the Court cited *Lee v. Colvin*, 631 F. App'x. 538 (10th Cir. 2015). In *Lee*, the plaintiff asserted a similar challenge, arguing that the ALJ had not expressly incorporated specific moderate limitations into the RFC which had been given by a psychologist which the ALJ had accorded "great weight." *Lee*, 631 F. App'x. at 541. The Court rejected the challenge, citing the Social Security Administration's Program Operations Manual Systems (POMS) which stated that "adjudicators are to use the . . . narrative as the RFC assessment" rather than the

accompanying worksheet which rated the degree of limitation in particular areas. *Id.* In *Lee*, the ALJ had adopted the "narrative" section of the psychologist's RFC which accounted for the moderate limitations the psychologist had listed, even though the narrative was not a verbatim recitation of the rated limitations. *Id.* at 541-42.

In *Smith*, the Court adopted the approach taken in *Lee* and concluded:

> The administrative law judges in *Lee* and in our case did not repeat the moderate limitations assessed by the doctor. But both administrative law judges incorporated these limitations by stating how the claimant was limited in the ability to perform work-related activities.

*Smith*, 821 F.3d at 1269.

*Smith* is controlling in the instant case. Here, Dr. Van Hoose had rated Plaintiff's degree of limitation in several areas, and found that Mr. Prevost was: (1) "markedly" limited in his abilities to understand, remember, and carry out detailed instructions and (2) "moderately" limited in his ability to interact appropriately with the general public. (TR. 416-417). But as in *Smith* and *Lee*, it was the *narrative* discussion, not the specifically rated limitations, that was considered the actual mental residual functional capacity. In the narrative, Dr. Van Hoose translated his findings regarding "marked" and "moderate" limitations into the following mental RFC:

> Claimant can perform simple tasks with routine supervision. Claimant can relate to supervisors and peers on a superficial work basis. Claimant can relate to the general public. Claimant can adapt to a work situation.

(TR. 418).

Under *Smith*, the RFC had to reflect the narrative findings, not the particularly rated limitations. In the decision, the ALJ's written RFC stated Plaintiff could "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except 0-9=-909-090."

11

(TR. 20). Although Plaintiff does not specifically challenge the lack of Dr. Van Hoose's *narrative* findings in the RFC, it is necessary to address the obvious error in the fact that the written RFC failed to include Dr. Van Hoose's narrative findings, or any other mental impairment.

At first glance, the oversight appears erroneous under *Smith*. But the Court concludes that any error in the written RFC is harmless because Dr. Van Hoose's narrative findings were included in the hypothetical to the VE, contrary to Plaintiff's allegation otherwise.² *Compare* TR. at 418 (Dr. Van Hoose's narrative MRFCA findings) *to* TR. at 59 (ALJ's hypothetical to the VE). Based on the hypothetical, the VE identified three jobs that Mr. Prevost could perform. (TR. 59). At step five, the ALJ adopted the VE's testimony in concluding that Plaintiff could perform other work. (TR. 27). Accordingly, any error in the written RFC was harmless. *See Moua v. Colvin*, 541 F. App'x 794, 798 (10th Cir. 2013) ("The ALJ relied on the VE's opinion that included an upper left extremity restriction, so any error by the ALJ in omitting the restriction from his written decision is harmless and does not require a remand."); *Atkinson v. Astrue*, 389 F. App'x 804, 808, n.2 (10th Cir. 2010) (the ALJ's failure to include a specific opinion regarding a work-related limitation in the RFC constituted harmless error because the ALJ had included the limitation in the hypothetical to the VE on which the ALJ ultimately relied).

---

² *See* ECF No. 15:6 (Plaintiff's allegation that "[i]n the hypotheticals given to the VE, the ALJ stated no mental health restrictions.").

## VI. SUMMARY

In sum, the Court concludes: (1) Mr. Prevost has failed to carry his burden regarding the absence of RFC limitations relating to the step two "severe" impairments, (2) the ALJ had no duty to incorporate findings from the PRT into the RFC, (3) the ALJ was only required to incorporate the "narrative" findings from the MRFCA into the RFC, and (4) any error in failing to incorporate the "narrative" findings in the written RFC was harmless.

## ORDER

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **AFFIRMS** the Commissioner's decision.

ENTERED on October 31, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE